58

THE STATE OF OHIO, APPELLEE, *v.* PANKEY, APPELLANT.

(No. 80-1316—Decided November 18, 1981.)

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellee.

*Mr. J. Tullis Rogers, Mr. Randall M. Dana* and *Mr. Harry R. Reinhart,* for appellant.

*Per Curiam.* The sole issue in this case is whether the trial court should have held an evidentiary hearing before ruling on appellant's petition for post-conviction relief. We hold that no hearing was required under the facts in this case.

Appellant claims that his counsel's unfamiliarity with his cause prior to his appearance before the court caused an unintelligent waiver of his rights.

This court recently set forth the test for obtaining a hearing when a petition for post-conviction relief is filed. The

syllabus, in *State* v. *Jackson* (1980), 64 Ohio St. 2d 107, is as follows:

"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."

Appellant cites various occurrences in order to illustrate his counsel's ineffectiveness. These allegations, however, do not meet the burden of proof established by this court in *Jackson, supra.* Appellant has not submitted "evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Rather, he has made broad conclusory statements which, as a matter of law, do not meet the requirements for an evidentiary hearing.

Furthermore, the record contradicts many of appellant's assertions. For example, appellant argues that his voluntary, written waiver of his rights was made unintelligently. Yet, the record shows that the court apprised appellant of his constitutional rights. The trial court meticulously and thoroughly examined appellant to insure a voluntary and intelligent waiver. The record also demonstrates that counsel had previously explained the circumstances to appellant.

Based upon our discussion in *Jackson, supra,* and upon the facts herein, we find that the trial court properly dismissed appellant's petition to vacate.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.