JOURNAL ENTRY and OPINION
Willie Drake, defendant-appellant, appeals pro se from the judgment of the Cuyahoga County Court of Common Pleas, Case No. CR-325208, in which the trial court denied defendant-appellant's petition for postconviction relief. Defendant-appellant assigns a single error for this court's review.
Defendant-appellant's appeal is not well taken.
On January 12, 1996, defendant-appellant was convicted by a jury of aggravated burglary, felonious assault, having a weapon while under disability, possession of criminal tools and aggravated robbery. This court affirmed defendant-appellant's convictions on direct appeal in State v. Drake (Jan. 30, 1997), Cuyahoga App. No. 70257, unreported. In its journal entry and opinion, this court set forth the following relevant facts:
 At trial, the state called Donald Norwood, the victim, who testified that appellant entered his home after Lionial Drake had gained entry under the pretense of using the phone. Norwood testified that appellant helped to handcuff him, hit him in the head with his gun, and burned him with a cigarette lighter in an attempt to make him disclose the location of any money or valuables in his home.
 The state presented three law enforcement officers. Special Agent Douglas Williams, a Federal Bureau of Investigation agent, testified that he helped Norwood obtain the indictment of appellant in 1995. Detective Arsie Taylor, a Cleveland Policeman, who investigated the case, and Detective Tommy Hall, a Cleveland Policeman, who, as a patrol officer, initially investigated the robbery.
 The state also called Sean Hudson and Willie Hudson, neighbors of the victim. They were the first to assist Norwood after the robbery. Willie Hudson testified that he saw the three assailants walking away from Norwood's home; that he was able to identify Lionial Drake; but that he did not see the other men well enough to identify them.
The defense did not present any evidence.
Id. at 1.
On June 18, 1997, the Ohio Supreme Court denied defendant-appellant's leave to appeal and dismissed the appeal due to the lack of any substantial constitutional question for review. See State v. Drake (1999), 86 Ohio St.3d 1438,713 N.E.2d 1049.
On October 2, 1996, defendant-appellant filed his first petition for postconviction relief pursuant to R.C. 2953.21. Defendant-appellant maintained that he was denied the constitutional right to effective assistance of counsel due to trial counsel's failure to pursue an alibi defense. The trial court dismissed defendant-appellant's petition for postconviction relief on October 31, 1996. On June 30, 1998, the trial court issued findings of fact and conclusions of law relating to defendant-appellant's first petition for postconviction relief.
Subsequently, on July 16, 1998, defendant-appellant filed his second petition for postconviction relief pursuant to R.C.2953.21 in which he once again alleged that he was denied the right to effective assistance of counsel due to trial counsel's failure to pursue an alibi defense. On February 3, 1999, the trial court issued its second findings of fact and conclusions of law in which it determined that the purported failure to present an alibi defense did not constitute ineffective assistance of counsel since such a decision comes under the purview of trial strategy. See State v. Williams (1991), 74 Ohio App.3d 686,600 N.E.2d 298.
On February 26, 1999, defendant-appellant filed a timely notice of appeal from the trial court's February 3, 1999, dismissal of his second petition for postconviction relief.
Defendant-appellant's sole assignment of error states:
 I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS BY DEFENSE COUNSEL'S FAILURE TO INVESTIGATE, CALL WITNESSES, AND FILE AN (SIC) ALIBI.
Defendant-appellant argues, through his sole assignment of error, that defense counsel's failure to fully investigate the case, failure to call witnesses and failure to file a notice of alibi as required by Crim.R. 12.1 constituted ineffective assistance of counsel. Specifically, defendant-appellant maintains that defense counsel's failing health at the time of trial prevented proper trial preparation and defense.[1] It is defendant-appellant's position that, had defense counsel acted in a competent manner, the resulting investigation would have revealed that defendant-appellant was not at the scene of the underlying offenses but was in the state of Michigan with his wife and others on the day in question. Defendant-appellant's wife and sister would have allegedly testified as to the purported alibi if called as witnesses.
R.C. 2953.21(A), which sets forth the procedures for filing petitions for postconviction relief, provides in pertinent part:
 (A) Any person convicted of a criminal offense *** claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
R.C. 2953.21(C) provides:
 (C) Before granting a hearing the court shall determine whether there are substantive grounds for relief ***. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
The postconviction relief process permits criminal defendants who allege that their conviction is void or voidable on state or federal constitutional grounds to petition the trial court for an evidentiary hearing pursuant to R.C. 2953.21(A). State v. Isham
(Aug. 23, 1995), Montgomery App. No. 92-CR-272912, unreported. The petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit a hearing. State v. Hamilton (Dec. 29, 1993), Clark App. No. 3015, unreported, citing State v. Kopper (1983),5 Ohio St.3d 36. A petition for postconviction relief is subject to dismissal without a hearing when the record indicates that the petitioner failed to submit evidentiary documents containing sufficient operative facts. State v. Scott (1989), 63 Ohio App.3d 304; State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus. Broad conclusory allegations are insufficient to entitle the petitioner to an evidentiary hearing. State v. Pankey
(1981), 68 Ohio St.2d 58, 59, 428 N.E.2d 413.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that:
 "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. ***
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981)." Strickland, supra, at 691. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. ***
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142.
In the case sub judice, a review of the record from the trial court demonstrates that the trial court did not err by dismissing defendant-appellant's second petition for postconviction relief. Defendant-appellant maintains that defense counsel was ineffective by failing to present an alibi defense through the testimony of his wife and sister who apparently would have testified that defendant-appellant was out of the state at the time of the offenses. However, defendant-appellant has failed to demonstrate that, had the alibi defense been presented, the outcome of his trial would have been different or that he was prejudiced by defense counsel's performance.
Initially, it should be noted that both affidavits upon which defendant-appellant relies; i.e., his wife and his sister, state only that defendant-appellant was living in Detroit, Michigan during the week in which the underlying offenses were committed. They do not specifically exonerate defendant-appellant. More importantly, defendant-appellant completely ignores the fact that the victim was well acquainted with defendant-appellant prior to the commission of the offenses and positively identified defendant-appellant as one of the perpetrators of the crimes. Given the overwhelming nature of the evidence against defendant-appellant and the somewhat self-serving nature of defendant-appellant's two affidavits, this court cannot now say that the result of defendant-appellant's trial would have been different had the alibi testimony been presented nor can this court say that defendant-appellant was prejudiced by defense counsel's performance. Clearly, defense counsel's decision regarding the presentation of a questionable alibi defense is a trial tactic that will not sustain a claim of ineffective assistance of counsel. State v. Payton (1997), 124 Ohio App.3d 552,706 N.E.2d 842; State v. Keith (Aug. 19, 1998), Crawford App. No. 3-98-05, unreported. In addition, defendant-appellant has completely failed to present any evidence that defense counsel's health played any part whatsoever in the counsel's conduct during trial. Under the totality of the circumstances presented, this court is unable to conclude that defendant-appellant was deprived effective assistance of trial counsel. State v. Roberts (Dec. 3, 1998), Cuyahoga App. No. 73641, unreported; State v. Sullivan (Oct. 15, 1998), Cuyahoga App. Nos. 72878, 72879, unreported. Accordingly, the trial court did not err by dismissing defendant-appellant's petition for postconviction relief.
Defendant-appellant's sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ MICHAEL J. CORRIGAN, JUDGE
 TERRENCE O'DONNELL, P.J., and JOHN T. PATTON, J., CONCUR.
[1] Apparently, defense counsel was suffering from cystic fibrosis during the lower court proceedings.