DECISION.
Petitioner-appellant Rodney Ushery has taken the instant appeal from the judgment of the common pleas court denying his petition for postconviction relief. On appeal, he advances four assignments of error. Finding no merit to any aspect of these challenges, we affirm the judgment of the court below.
In April of 1999, the trial court, following a trial to the bench, found Ushery guilty of felonious assault and sentenced him to an eight-year prison term, the maximum term authorized for the offense. The court, upon its further determination that Ushery was a repeat violent offender, imposed an additional ten-year term of confinement and ordered that it be served consecutively to the prison term imposed for felonious assault. This court affirmed Ushery's conviction on appeal, see State v.Ushery (June 7, 2000), 1st Dist. No. C-990329, and his appeal to the Ohio Supreme Court was dismissed. See State v. Ushery (2000),90 Ohio St.3d 1428, 736 N.E.2d 25.
On September 29, 1999, Ushery filed with the common pleas court an R.C. 2953.21 petition to vacate or set aside his conviction. In the petition, he presented a single claim for relief, in which he contended that he was denied the effective assistance of counsel at trial because his counsel had "advised" him to waive, or had "coerced" him into waiving, a jury trial. He asserted that counsel had induced his waiver with the promise that the trial court "would" be "lenien[t]" in sentencing him if he were found guilty, but without first informing him that the judge who would preside over his felonious-assault trial had also presided over a previous trial that had resulted in his conviction for voluntary manslaughter. On October 12, 1999, the state filed a motion to dismiss the petition.
On May 3, 2000, Ushery moved for leave to amend the petition to add a second claim for relief, in which he again challenged his counsel's performance at trial. Ushery based this second challenge upon counsel's failure to accede to his request that counsel investigate, interview and subpoena two witnesses who would have testified that the victim had not appeared to them to be under "duress" when they saw her with Ushery in Detroit, Michigan, in the summer following his May 1997 assault upon her.
In June of 2000, the common pleas court denied Ushery leave to amend his petition. By entry dated August 30, 2001, the court again denied leave to amend, but nevertheless issued findings of fact and conclusions of law disposing of both claims for relief on the merits and thereupon denied the petition.
 I.
In his third assignment of error, Ushery contends that "[trial] [c]ounsel was ineffective in failing to interview and call exculpatory witnesses." In his fourth assignment of error, he asserts that "[c]ounsel was ineffective for counseling waiver of a jury trial." We read these assignments of error together to present a challenge to the common pleas court's denial of his postconviction petition, and we conclude that the challenge is not well taken.
To prevail on a postconviction claim, the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the Ohio Constitution or the United States Constitution. Therefore, "the violation upon which the petitioner relies to establish his right to relief must be of constitutional dimension, and it must have occurred at the time the petitioner was tried and convicted of a criminal offense." State v.Powell (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13. A postconviction claim is subject to dismissal without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C.2953.21(C); State v. Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413;State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819.
In his petition, both as originally conceived and as amended, Ushery sought postconviction relief on the ground that he was denied the effective assistance of counsel at trial. To prevail on a claim of ineffective assistance of trial counsel, a postconviction petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. See Strickland v. Washington (1984), 466 U.S. 668, 694,104 S.Ct. 2052. To establish prejudice, the petitioner must demonstrate that counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result." State v. Powell (1993),90 Ohio App.3d 260, 266, 629 N.E.2d 13 (citing Lockhart v. Fretwell
[1993], 506 U.S. 364, 113 S.Ct. 838, and Strickland, supra).
In support of his challenge to counsel's competence in "advis[ing]" or "coerc[ing]" his jury waiver, Ushery submitted the following: (1) the state's sentencing memorandum; (2) defense counsel's response to the state's sentencing memorandum; (3) a portion of a transcript identified by Ushery in his affidavit as that of an "interview by [his] Parole Officer" with the victim, offered to show that the victim had "provoked" Ushery into assaulting her; (4) copies of two letters from Ushery, the first to trial counsel requesting an affidavit attesting to counsel's promise of leniency in exchange for his waiver of a jury trial, and the second to the Grievance Committee of the Cincinnati Bar Association complaining that trial counsel had "deceived" him into waiving a jury trial with the promise that the prosecutor would not seek the maximum penalty if he were found guilty; (5) the affidavit of Ushery's father declaring that he had not perceived the victim as being "under duress" when she had visited Ushery in Michigan in 1997; (6) two photographs of two smiling people, presumably Ushery and the victim, at an unspecified time and in an unspecified place; and (7) Ushery's affidavit quoting counsel's "represent[ations]" to him, following counsel's "discuss[ions]" with the court and the assistant prosecutor, "that `if I waived jury trial the judge would be more lenient at any possible sentencing on the case' * * *."
Ushery predicated his jury-waiver claim upon the proposition that his waiver was not knowing, voluntary or intelligent. The claim depended for its success upon Ushery's assertions (1) that his trial counsel had "coerced" or deceptively induced his waiver of a jury trial with the promise that the trial court would be lenient in sentencing him, and (2) that he had, upon the advice of trial counsel, waived a jury trial without knowledge that his guilt would be determined by the judge who had also presided over his previous trial.
The record of the proceedings at trial shows that Ushery executed a written jury waiver, and that, before accepting the waiver, the trial court personally addressed Ushery and advised him as follows:
 Now, you understand what I'm saying is that by waiving your constitutional right to a trial by jury, you're letting me decide the evidence.
 In the course of his colloquy with the court, Ushery acknowledged his understanding of the implications of his waiver and stated that the waiver had not been secured by "special promises or representations" by trial counsel, the prosecution, or the court.
Thus, the record belies Ushery's assertion that he did not know, before waiving his right to a jury trial, that the judge who had presided over his previous trial would determine his guilt in his felonious-assault trial. Moreover, of the outside evidence submitted with the petition, only the declarations by Ushery contained in his own affidavit and in his letters to trial counsel and to the bar association's grievance committee supported his assertion that his waiver had been induced by a promise of leniency. Such self-serving declarations were insufficient as a matter of law to rebut evidence of record to the contrary. See State v. Kapper
(1983), 5 Ohio St.3d 36, 448 N.E.2d 823. Accordingly, we hold that the trial court properly denied Ushery's jury-waiver claim, when Ushery failed to sustain his initial burden of submitting with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See Pankey,68 Ohio St.2d at 59, 428 N.E.2d 413; Jackson, 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.
In the claim for relief presented by way of amendment, Ushery challenged his trial counsel's competence in failing to present at trial the testimony of two eyewitnesses to the victim's demeanor during an unspecified number of visits with Ushery at his residence in Detroit, Michigan, during the summer of 1997. In support of this claim, Ushery submitted his own affidavit, by which he presented three photographs depicting the "loving and caring relationship" that he and the victim had "enjoyed" that summer, and the affidavits of the two witnesses, who averred that the victim did not appear to them to be under "duress" during these visits.
In his appellate brief, Ushery characterizes the witnesses' proposed testimony as "exculpatory." To the contrary, its probative value lay in its tendency to impeach the victim's credibility to the extent that she had testified at trial that Ushery's May 1997 assault upon her had caused her to fear him, that she had visited him in Michigan only once, in August 1997, and only upon her belief that he had "changed," that he had beaten her upon her arrival, and that she had remained there a second day against her will and under a constant threat of death or further bodily harm.
As to these matters, which did not provide the basis for any criminal charge against Ushery, Evid.R. 608(B) permitted Ushery's trial counsel to inquire, upon cross-examination of the victim, into specific instances of her conduct for the purpose of impeaching her credibility. This counsel did, at length and in great detail, at trial. But the rule precluded the introduction of extrinsic evidence, such as the proposed testimony of the two witnesses, to prove specific instances of the victim's conduct for purposes of impeachment. Thus, counsel cannot be said to have violated a duty to Ushery in failing to present this testimony at trial. Accordingly, we hold that the trial court properly denied Ushery's second claim, when he again failed to sustain his initial burden of submitting with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See Pankey,68 Ohio St.2d at 59, 428 N.E.2d 413; Jackson, 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.
Upon our determination that the court below properly denied both of Ushery's postconviction claims, we overrule the third and fourth assignments of error.
 II.
In his first assignment of error, Ushery challenges the common pleas court's denial of his motion for leave to amend his petition. In his second assignment of error, he challenges the court's determination that the doctrine of res judicata barred his claims. As we noted supra, the court below, in its August 30, 2001, entry, denied Ushery leave to amend his petition, but nevertheless issued findings of fact and conclusions of law concerning both the claim presented in his original petition and the claim presented by way of amendment and thereupon denied the petition. This fact renders moot the challenge advanced in the first assignment of error. And our determination under the third and fourth assignments of error that these claims were properly denied renders moot the challenge advanced in the second assignment of error. We, therefore, do not reach the merits of the challenges presented in the remaining assignments of error.
Accordingly, we affirm the judgment of the court below.
Judgment affirmed.
Doan, P.J., Gorman and Sundermann, JJ.