OPINION.
Petitioner-appellant Justin I. Brown has taken the instant appeal from the judgment of the common pleas court denying his motion to withdraw his guilty pleas. On appeal, Brown presents four assignments of error, in which he challenges the denial of his motion without an evidentiary hearing or the journalization of findings of facts and conclusions of law. We determine that Brown's motion to withdraw his guilty pleas constituted his second and a tardy petition for postconviction relief, and that the common pleas court was without jurisdiction to entertain the petition. We, therefore, affirm the judgment of the court below.
In October of 1994, Brown was indicted on four counts of aggravated robbery and five counts of robbery. Each of the aggravated-robbery counts carried a firearm specification. In May of 1995, Brown entered guilty pleas to two counts of aggravated robbery in exchange for the dismissal of three of the robbery charges. The trial court accepted Brown's pleas and found him guilty of each charge and its accompanying specification. On June 14, 1995, the court sentenced him on each count to the maximum term of imprisonment of five to twenty-five years and on each specification to a term of three years' actual incarceration, and ordered that the sentences be served consecutively. From this judgment of conviction, Brown took no appeal.
Instead, on July 16, 1996, more than one year after his conviction, Brown filed a pro se petition for postconviction relief pursuant to R.C.2953.21. In his petition, Brown requested that his conviction be vacated or set aside on the grounds of an "illegal search and seizure[,] misrepresentation of legal counsel and coercion." Brown offered in support of his petition a handwritten document captioned "Memorandum in Support," in which he asserted that his trial counsel had "coerced" him into entering guilty pleas as part of a "deal" that had promised, but then had not delivered, a five-to-twenty-five-year sentence for a single count of aggravated robbery. In October of 1996, the common pleas court dismissed the petition. Brown did not appeal.
Brown's subsequent attempts to revisit these matters, in the form of a motion requesting the reduction of his sentence and a motion for leave to file a delayed appeal, were equally unavailing. Finally, on March 16, 2001, Brown filed with the common pleas court a Crim.R. 32.1 motion to withdraw his guilty pleas. The court denied the motion on September 17, 2001, and this appeal ensued.
In his four assignments of error, Brown contends that the common pleas court violated his state and federal due-process rights by (1) dismissing his motion to withdraw his guilty pleas, (2) granting the state a "directed verdict" and summary judgment on the motion, (3) overruling the motion without journalizing findings of fact and conclusions of law, and (4) dismissing the motion without conducting an evidentiary hearing. We address first the general challenge advanced by Brown in his first and second assignments of error to the common pleas court's disposition of the motion to withdraw his guilty pleas.
In State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, Reynolds, following the unsuccessful direct appeal of his conviction, filed a "Motion to Correct or Vacate Sentence." The Supreme Court of Ohio determined that this motion, "despite its caption, [met] the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), because it [was] a motion that was (1) filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Id. at 160, 679 N.E.2d 1131. This determination yielded the following syllabus paragraph:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 In State v. Hill (1998), 129 Ohio App.3d 658, 718 N.E.2d 978, we cited Reynolds to hold that a motion to withdraw a guilty plea filed after the time for filing a direct appeal had expired, and after the defendant had failed to perfect a direct appeal, constituted a postconviction petition that was subject to the time (and presumably other) restrictions of R.C. 2953.21 et seq. Accord State v. Idowu (Jun. 28, 2002), 1st Dist. No. C-010646; State v. Gaither (Dec. 1, 2000), 1st Dist. No. C-000205.
 R.C. 2953.21(A)(2) prescribes the time for filing a postconviction petition, providing in relevant part as follows:
 A petition under division (A) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *.[1] If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 When, as here, the petition is the petitioner's second attempt at securing postconviction relief and is filed well after the expiration of the time prescribed under R.C. 2953.21.(A)(2), a common pleas court has jurisdiction to entertain the petition under closely circumscribed circumstances: The petitioner must show either that he has been unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2) or since the filing of his last petition. Additionally, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23.
In an effort to avert a characterization of his motion to withdraw his guilty pleas as a postconviction petition, and to thereby avoid the jurisdictional hurdles presented by R.C. 2953.23, Brown, in his brief, directs this court to the above-quoted language from the syllabus and text of the decision in Reynolds, which, he contends, suggests that a post-trial motion to withdraw a guilty plea can be "converted" to a postconviction petition only if the petitioner has taken a direct appeal from his judgment of conviction. This argument is untenable.
The postconviction statutes impose no such requirement, permitting a petition to be filed by "[a]ny person who has been convicted of a criminal offense" and who claims "a denial or infringement of [his constitutional] rights as to render the judgment [of conviction] void or voidable." See R.C. 2953.21(A)(1). In fact, R.C. 2953.21(A)(2), in prescribing the time for filing a postconviction petition, expressly contemplates and specifically provides for the filing of a petition when the petitioner has failed to, or has elected not to, perfect a direct appeal from a judgment of conviction.
Moreover, the legislature has also contemplated and provided for the nearly simultaneous presentation and consideration of claims advanced on direct appeal and claims presented in a postconviction petition. See R.C. 2953.21(C) and 2953.21(G). And, with the supreme court's determination that the doctrine of res judicata applies to postconviction proceedings, see State v. Perry (1975), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph eight of the syllabus, claims that may properly be raised on direct appeal cannot also be raised by means of a postconviction petition. Thus, postconviction proceedings must be viewed as complementary, rather than supplementary, to proceedings on direct appeal. An interpretation of the postconviction statutes that would require a petitioner to take a direct appeal from his conviction as a prerequisite to the filing of a petition would run counter to that view.
Given these considerations, we conclude that the court in Reynolds did not intend to judicially amend the postconviction statutes to exempt from their operation a petitioner who has filed, after the time for appeal has passed, a motion seeking relief from a judgment of conviction based on the denial of a constitutional right, but who has failed to first perfect a direct appeal from the judgment of conviction.
This is, therefore, Brown's second postconviction petition. And, because it was filed more than six years after the time for perfecting a direct appeal had expired, it was tardy. As such, it was subject to R.C.2953.23. Pursuant to R.C. 2953.23, the common pleas court was without jurisdiction to entertain Brown's motion to withdraw his guilty pleas, when the record does not demonstrate that he had been unavoidably prevented from discovering the facts underlying his claim or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the filing of his first petition. We, therefore, hold that the common pleas court's dismissal of the petition was appropriate. Accordingly, we overrule the first and second assignments of error.
In his third assignment of error, Brown asserts that the common pleas court erred in dismissing his postconviction petition without findings of fact and conclusions of law. In his fourth assignment of error, he contends that the court erred in dismissing his petition without conducting an evidentiary hearing. These challenges are feckless.
R.C. 2953.21(G) requires the common pleas court to journalize findings of fact and conclusions of law when it denies a petition for postconviction relief. But the court's disposition of a tardy or successive petition need not include findings of fact and conclusions of law if the court is without jurisdiction to address the petition. SeeState ex rel. Carroll v. Corrigan (1999), 84 Ohio St.3d 529,705 N.E.2d 1330; State v. Byrd (2001), 145 Ohio St.3d 318, 762 N.E.2d 1043.
R.C. 2953.21(C) authorizes the court to hold an evidentiary hearing on a petition. But a postconviction claim is subject to dismissal without a hearing when the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C. 2953.21(C); Statev. Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413; State v. Jackson
(1980), 64 Ohio St.2d 107, 413 N.E.2d 819. Thus, the purpose of the hearing is to aid the court in its resolution of a postconviction claim on its merits. It thus follows that the court, in disposing of a tardy or successive petition, need not conduct an evidentiary hearing if the court is without jurisdiction to address the petition on its merits.
Our conclusion here, that the common pleas court had no jurisdiction to entertain Brown's tardy and successive petition, compels us to hold that the court below had no obligation to journalize findings of fact and conclusions of law or to conduct an evidentiary hearing. We, therefore, overrule the third and fourth assignments of error.
Accordingly, we affirm the judgment of the court below.
Judgment affirmed.
Painter, P.J., and Hildebrandt, J., concur.
[1] As the state correctly notes, the common pleas court, in ruling upon Brown's motion to withdraw his guilty pleas, did not have before it a transcript of the proceedings at the plea hearing. The absence of the transcript was attributable to Brown's failure to take a direct appeal from his judgment of conviction and his failure to submit a copy of a transcript with his motion to withdraw his pleas.