[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12 and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Petitioner-appellant Fernando Kiner presents on appeal a single assignment of error, in which he challenges the common pleas court's denial of his petition for postconviction relief. This challenge is untenable.
{¶ 3} Kiner contended in his petition that he was denied the effective assistance of counsel at trial when counsel failed (1) to investigate, prepare, and present at trial an alibi defense; (2) to adequately conduct the voir dire examination of prospective jurors concerning their views on race and eyewitness testimony; (3) to adequately investigate or to object to the testimony of, or to adequately cross-examine, various prosecution witnesses; and (4) to object to the admission of certain physical evidence. In support of these contentions, he offered his own affidavit, in which he averred that, "on or about" the date on which trial counsel was appointed, he had advised counsel that he had been "with his mother * * * and others" on the evening on which the charged offense was alleged to have been committed.
{¶ 4} A postconviction claim is subject to dismissal without a hearing if the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. See id.; State v. Pankey
(1981), 68 Ohio St.2d 58, 428 N.E.2d 413; State v. Jackson (1980),64 Ohio St.2d 107, 413 N.E.2d 819. To prevail on a claim of ineffective assistance of defense counsel, a postconviction petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. See Strickland v. Washington (1984), 466 U.S. 668, 694,104 S.Ct. 2052.
{¶ 5} Here, neither the record nor the material offered by Kiner in support of his petition allowed reasonably for the conclusion that the alleged deficiencies in trial counsel's performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result." See State v. Powell (1993),90 Ohio App.3d 260, 266, 629 N.E.2d 13 (citing Lockhart v. Fretwell
[1993], 506 U.S. 364, 113 S.Ct. 838, and Strickland, supra). We, therefore, hold that the common pleas court properly denied the petition.
{¶ 6} Accordingly, we overrule the sole assignment of error and affirm the judgment of the court below.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.