DECISION AND JUDGMENT ENTRY
{¶ 1} Jesse Miller appeals the July 24, 2002 decision from the Lucas County Court of Common Pleas that denied his postconviction petition without a hearing. We conclude that the decision of the trial court was proper and affirm.
 {¶ 2} Miller was convicted on September 11, 2000 of murder, a violation of R.C. 2903.02(A), with a firearm specification under R.C.2941.145. On the date of sentencing, September 15, 2000, Miller received a sentence of 15 years to life, with an additional three year term to be served before and consecutive to his murder sentence for the firearm specification. Later, on September 26, 2000, Miller filed a motion for new trial alleging juror misconduct. This motion was denied on October 17, 2000. Miller then appealed his conviction, including the trial court's denial of the new trial motion, which was ultimately affirmed by this court. State v. Miller, 6th Dist. No. L-00-1343, 2002-Ohio-5914.[1]
While that appeal was pending, Miller filed his petition for postconviction relief, which was denied on May 17, 2002. Miller appeals that decision and alleges in his sole assignment of error that "[t]he trial court erred when it dismissed Appellant's petition without a hearing because Appellant stated substantive grounds for relief which were not contradicted by the record." For the reasons set forth, we disagree.
 {¶ 3} Postconviction relief is governed by R.C. 2953.21(A)(1),[2]
and the standard of review for a trial court's decision denying postconviction relief is a mixed question of law and fact; therefore, factual issues are reviewed under a manifest weight of the evidence standard, and legal issues are reviewed de novo. State v. Hoffner, 6th Dist No. L-01-1281, 2002-Ohio-5201, at ¶ 6. Claims, however, that were raised on direct appeal or could have been raised on direct appeal do not entitle a petitioner to postconviction relief, for those claims are barred by the doctrine of res judicata. State v. Perry (1967),10 Ohio St.2d 175, at paragraphs eight and nine of the syllabus; Statev. Szefcyk (1996), 77 Ohio St.3d 93, at the syllabus. Furthermore, under R.C. 2953.21(C),[3] the petitioner is entitled to an evidentiary hearing only where the trial court finds "there are substantive grounds for relief." State v. Cole (1982), 2 Ohio St.3d 112, 113; State v.Calhoun (1999), 86 Ohio St.3d 279, 282-283. For this to occur, the postconviction petition must be supported by evidentiary documents outside the record, which show that the petitioner's constitutional rights were violated and this resulted in prejudice to the petitioner. "Broad assertions" or "[g]eneral conclusory allegations" will not be sufficient, especially when ineffective assistance of counsel is at issue. State v. Jackson (1980), 64 Ohio St.2d 107, 111. See also, Statev. Pankey (1981), 68 Ohio St.2d 58, 58-59.
 {¶ 4} Here, both Miller's ineffective assistance of counsel claim and his juror misconduct claim were properly dismissed by the trial court without an evidentiary hearing on the basis of res judicata. Miller's claim of ineffective assistance of counsel centers upon two failures surrounding his motion for new trial. Miller states that his trial counsel did not "adequately investigate the juror misconduct" and did not cite to "applicable law, case or statutory" in the motion for new trial. These points could have been argued on appeal; therefore, this claim is barred on postconviction under the doctrine of res judicata. State v.Perry, supra, at paragraphs eight and nine of the syllabus.
 {¶ 5} Here, the affidavits presented in this case do not provide the needed information for a postconviction hearing to be mandated. Trial counsel's affidavit showing the lengths he went to in order to secure an affidavit to support juror misconduct counteracts Miller's assertion of incomplete investigation. Furthermore, there is a strong presumption that counsel's performance falls within the wide range of reasonable professional performance. State v. Bradley (1989), 42 Ohio St.3d 136,142. Mere self-serving affidavits by the petitioner do not furnish sufficient operative facts to show counsel's ineffectiveness and the required prejudice. State v. Calhoun, supra, at 284.
 {¶ 6} The major issue that Miller raises relates to juror misconduct. Again, this claim was properly denied without a hearing on the basis of res judicata. State v. Perry, supra, at paragraphs eight and nine of the syllabus. In fact, he raised the exact issue on his direct appeal. State v. Miller, supra, at ¶ 11-20. The analysis has not changed.
 {¶ 7} A trial court is prohibited from admitting juror testimony to impeach a jury verdict unless outside evidence of alleged misconduct has been presented. State v. Hessler (2000), 90 Ohio St.3d 108, 123. Information alleging misconduct must be from a source that possesses firsthand knowledge of the improper conduct. State v. Schiebel (1990),55 Ohio St.3d 71, 75. The foundation for the introduction of such evidence is laid by competent evidence "aliunde," that is, by evidence from some other source. State v. Adams (1943), 141 Ohio St. 423, 427, citing Vaisev. Delaval (1785), 1 T.R., 11 (K.B.), 99 Eng.Rep. 944. The aliunde rule, which has its origin deep within the common law,[4] has been incorporated into Evid.R. 606(B).[5] State v. Williams,149 Ohio App.3d 434, 2002-Ohio-4832, at ¶ 49.
 {¶ 8} As noted in State v. Reiner (2000), 89 Ohio St.3d 342, 350, reversed on other grounds by Ohio v. Reiner (2001), 532 U.S. 17: "The rule is intended to preserve the integrity of the jury process and the privacy of deliberations, to protect the finality of the verdict, and to insulate jurors from harassment by dissatisfied or defeated parties by prohibiting a court from questioning a juror about what occurred during deliberations, or about anything else that may have affected the juror's mind or emotions in the deliberations process once a final verdict is rendered."
 {¶ 9} The affidavits in Miller's case are inadmissible under Evid.R. 606(B) because the five affiants[6] did not present any information of alleged juror misconduct that they witnessed firsthand. The trial counsel's affidavit, which was included in the motion for new trial, stated that a juror's wife said that her husband participated in improper tests while he was a juror; however, trial counsel was unable to secure an affidavit from her to that effect. The two affiants from the State Public Defender's Office simply claimed that they could not secure an affidavit from the juror's wife, and the last two affidavits were irrelevant to juror misconduct. The trial court, thus, acted properly when it denied Miller's postconviction petition without a hearing.
 {¶ 10} Finally, Miller argues that the trial court "applied the wrong standard" when it denied his postconviction petition without a hearing because he failed to "prove or assert prejudice." As noted, a hearing was properly denied on grounds of res judicata, for the petition did not provide evidence of substantive grounds for relief.
 {¶ 11} As the trial court properly denied appellant's postconviction petition without a hearing, appellant's sole assignment of error is found not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
[1] The facts of this case are more fully set out in that decision. Id.
[2] R.C. 2953.21(A)(1) provides:
"Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
[3] R.C. 2953.21(C) provides:
The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
[4] Ohio courts have repeatedly cited to Lord Chief Justice Mansfield's decision in Vaise v. Delaval (1785), 1 T.R., 11 (K.B.), 99 Eng.Rep. 944, to explain the aliunde rule. Adams, supra, at 427; Hutchinson v.Laughlin (1951), 90 Ohio App. 5, 10; State v. Doan (Sept. 29, 1995), Hamilton App. No. C-940330.
[5] Evid.R. 606(B) provides:
Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes.
[6] The affiants were Miller, his mother, his trial lawyer, his postconviction lawyer, and an investigator for the State Public Defender's Office.