JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
We address first and overrule petitioner-appellant Douglas Tucker's third assignment of error. We hold that the findings of fact and conclusions of law issued by the common pleas court in denying Tucker's petition for postconviction relief satisfied the R.C. 2953.21(C) mandate, when they covered and pertained to the issues presented by the petition and provided the legal and evidentiary bases for the court's decision. See State v.Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, paragraph three of the syllabus.
We address together and overrule Tucker's remaining assignments of error upon our determination that the common pleas court properly dismissed his postconviction petition without an evidentiary hearing. See R.C. 2953.21(C).
Tucker contended in his eighth and thirteenth postconviction claims that he had been denied the effective assistance of counsel at trial, when counsel had failed to file a Crim. R. 29 motion for acquittal at the close of the prosecution's case and had failed to challenge under R.C. 2941.25 the imposition of sentences for both attempted rape and kidnapping and for both attempted rape and felonious assault. The claims presented matters that could fairly have been determined without resort to evidence dehors the record, and they should have been raised in his direct appeal from his convictions. Thus, they were subject to dismissal under the doctrine of res judicata. See State v.Cole (1982), 2 Ohio St.3d 112, 114, 443 N.E.2d 169; State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
In his first and twelfth claims, Tucker challenged the adequacy of his trial counsel's investigation of his case and counsel's failure to secure the appearance at trial of various defense witnesses. In his third and fourth claims, Tucker contended that he had been denied a fair trial by the prosecution's alleged failure to disclose material evidence. In his tenth claim, he asserted that his trial counsel had been ineffective in failing to move for DNA testing of evidence admitted in the trial leading to the 1983 rape conviction that underlay the repeat-violent-offender specifications accompanying the charges against him. In his eleventh claim, he challenged counsel's effectiveness in disclosing "privileged" information to the prosecution. And in his sixteenth and eighteenth claims, he alleged various instances of misconduct on the part of the prosecution and its witnesses. These claims were subject to dismissal without a hearing, because they depended for their resolution upon evidence outside the record, and Tucker failed to support the claims with outside evidence setting forth sufficient operative facts to demonstrate substantive grounds for relief. See R.C. 2953.21(C); State v. Pankey (1981), 68 Ohio St.2d 58,428 N.E.2d 413; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819.
Finally, in his seventh claim, Tucker assailed his trial counsel's failure to seek the suppression of photographs of him taken during his initial interrogation, after he had invoked his right to counsel, and counsel's failure to object to the admission into evidence of a photograph of a knife offered as a "companion" to the knife used in committing the charged offenses. The common pleas court properly denied these claims, because Tucker failed to demonstrate a reasonable probability that, but for defense counsel's alleged omissions, the result of his trial would have been different. See Strickland v. Washington (1984),466 U.S. 668, 694, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
We, therefore, affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Gorman and Sundermann, JJ.