OPINION
{¶ 1} Defendant-appellant, Mario L. Walker, appeals from the January 22, 2004 judgment entry of the Franklin County Court of Common Pleas, denying appellant's petition for post-conviction relief. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} A relevant procedural history of this case follows.[1] By indictment filed February 26, 2002, appellant was charged with four counts of trafficking in cocaine, two counts of possession of cocaine, one count of possession of a dangerous ordnance and one count of receiving stolen property. On December 16, 2002, pursuant to a plea agreement, appellant changed his previously entered not guilty plea and entered guilty pleas to two counts of trafficking in cocaine, in violation of R.C. 2925.03, both felonies of the second degree; one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the second degree; and one count of possession of a dangerous ordnance in violation of R.C. 2923.17, a felony of the fifth degree.
 {¶ 3} At the conclusion of appellant's sentencing hearing, the court imposed a sentence of three years of incarceration for each of the three drug convictions, and 11 months of incarceration for the possession of a dangerous ordnance conviction. The court ordered that each three-year sentence would be served consecutively with one another, and the 11-month sentence would be served concurrently with the three-year sentences on the drug counts. Appellant's sentence totaled nine years.
 {¶ 4} Appellant timely appealed his sentence.[2] While his appeal was pending, on October 15, 2003, appellant filed a pro se petition for post-conviction relief. In his petition, appellant claimed his constitutional rights were violated, including his right to due process under the Fifth Amendment; his right to the effective assistance of counsel under the Sixth Amendment; and his equal protection rights pursuant to the Fourteenth Amendment. Appellant attached his affidavit in support of his pro se petition, which states:
I Mario L. Walker do [sic] to the process of this my case attorney Randall C. Treneff. [sic] failed to discuss the legal facts of a [sic] counsel in ths case. It was remonstrate [sic] actions disregarded information identifing [sic] the true offense. In my perspective in meny [sic] ways told to [sic] me I would be found guilty no matter. [sic] if I committed the crime or not. [sic] valuable information was keep [sic] in my case in a morality way. That coerced legal counsel in my guilty plea through indirect psychological pressure. It was little litigate on the behalf of Mr. treneff. Who was ill prepared do [sic] to being under investigation etc.
 {¶ 5} Through counsel, appellant filed a petition for post-conviction relief on October 20, 2003. In this petition, appellant claimed he received ineffective assistance of counsel because "at least during part of his representation * * *," his counsel represented a different defendant in a separate case in which appellant was a witness for the State. (October 20, 2003 petition at 4.) Further, appellant indicated he would submit a supplemental affidavit detailing his belief that his "trial counsel had a personal conflict with the assistant prosecutor assigned to his case." (Id. at 6.) Finally, appellant argued his trial counsel's pending disciplinary proceedings regarding his license to practice law resulted in his inability to provide effective assistance. As a result of the foregoing, appellant asserted he was denied a fair trial. Appellant provided no evidentiary documentation in support of any of his assertions.
 {¶ 6} On January 22, 2004, the trial court entered its decision, including findings of fact and conclusions of law, denying both of appellant's post-conviction petitions. In its decision, the trial court found both petitions failed to set forth an evidentiary basis to support the claim that appellant's trial counsel was ineffective. With regard to appellant's pro se petition, the court indicated appellant's "disjointed and confusing affidavit does not set forth any understandable basis for his claim of ineffective assistance of counsel." (January 22, 2004 Decision at 5.) Addressing the petition filed through counsel, the court found appellant's conclusory statements he was denied effective assistance of counsel was insufficient evidence to grant post-conviction relief.
 {¶ 7} On appeal, appellant, through counsel, raises the following assignment of error:
The trial court erred by denying Appellant's petition for postconviction relief without an oral hearing.
 {¶ 8} A criminal defendant who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 110, 18 O.O.3d 348, 413 N.E.2d 819. In a petition for post-conviction relief asserting ineffective assistance of counsel, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Id., syllabus. "General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing." Id. at 111. See, also, State v.Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413 (holding appellant's broad conclusory statements, as a matter of law, do not meet the requirements for an evidentiary hearing under Jackson).
 {¶ 9} In support of his assignment of error, appellant reiterates the arguments stated in his post-conviction relief petitions. Referencing appellant's affidavit in support of his pro se post-conviction petition, appellant's counsel asserts, "[in his affidavit, appellant] also seems to allege coercion on the part of counsel that led to [his] guilty plea." (Appellant's Brief at 7.) The State contends appellant did not provide evidentiary documentation setting forth specific facts to support any of his claims in his petition. Thus, the State asserts appellant's petition was properly dismissed without an evidentiary hearing. We agree.
 {¶ 10} Appellant offered no documentary evidence to support any of his claims that he received ineffective assistance of counsel. Based on the foregoing, we find appellant's broad, conclusory statements, as a matter of law, do not entitle him to an evidentiary hearing. Jackson. Thus, the trial court did not err in dismissing appellant's petition for post-conviction relief.
 {¶ 11} Further, we note the record contradicts appellant's assertion that his guilty plea was the result of his trial counsel's coercion. The transcript of the December 16, 2002 sentencing hearing reflects the court thoroughly questioned appellant to ensure his guilty plea was entered as a result of his own volition.
 {¶ 12} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.
[1] A thorough procedural and factual history of this case is included in our opinion ruling upon Walker's first appeal. State v. Walker,
Franklin App. No. 03AP-232, 2003-Ohio-6936. ("Walker I".)
[2] On December 18, 2003, we rendered our opinion in Walker I, and remanded this matter for resentencing. Following our remand, the trial court held a sentencing hearing, in which the court imposed the identical sentence received by appellant at the original sentencing hearing. This sentence is addressed on appeal in Franklin App. No. 04AP-695.