JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
We overrule Ellison's three assignments of error upon our determination that the common pleas court properly dismissed his petition for postconviction relief without an evidentiary hearing.
In his first postconviction claim, Ellison contended that the trial court had erred when it had imposed consecutive and maximum sentences without making the statutory findings or articulating its reasons, as mandated by R.C. 2929.19(B)(2) and State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473. Because this claim presented a matter that could fairly have been determined without resort to evidence outside the record, Ellison should have raised it in a direct appeal from his convictions. Therefore, the claim was subject to dismissal under the doctrine of res judicata.[1]
In his second claim, Ellison contended that his guilty pleas had been the involuntary product of his counsel's ineffectiveness, when he had entered the pleas in reliance upon his counsel's "misrepresent[ation]" that, in exchange for his pleas, the trial court would impose concurrent prison terms. In his third claim, Ellison challenged the knowing, voluntary, and intelligent nature of his guilty pleas on the ground that he had been "heav[ily] medicated at the time of his plea[s], from psychiatric medication." These claims depended for their resolution upon evidence outside the record. Ellison failed to support the claims with outside evidence setting forth sufficient operative facts to demonstrate substantive grounds for relief. Consequently, his second and third claims were also subject to dismissal without a hearing.[2]
Finally, Ellison, after filing his appellate brief, filed a motion asking this court to "consider * * * additional authority from the United States Supreme Court[`s] decision[s] in Blakely v. Washington 
United States v. Booker." By entry, we "accept[ed]" his submission of "supplemental authority." But the submission essentially constitutes a separate postconviction claim challenging the constitutionality of his consecutive and maximum sentences in light of the Supreme Court's decisions in Blakely v. Washington[3] and United States v. Booker.[4]
Ellison did not, as R.C. 2953.21 required, submit his Blakely challenge to the common pleas court in the form of a properly constituted postconviction claim. We, therefore, cannot say that the common pleas court erred in failing to grant him relief on that basis. And even if Ellison had submitted to the common pleas court a postconviction Blakely
claim, the claim could fairly have been determined without resort to evidence outside the record and was thus subject to dismissal under the doctrine of res judicata.[5]
We, therefore, affirm the judgment of the common pleas court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] See State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
[2] See R.C. 2953.21(C); State v. Pankey (1981), 68 Ohio St.2d 58,428 N.E.2d 413; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819.
[3] (2004), 542 U.S. ___, 124 S.Ct. 2531.
[4] (2005), ___ U.S. ___, 125 S.Ct. 738.
[5] See State v. Perry, supra, paragraph nine of the syllabus.