[Cite as *State v. Jones*, 2021-Ohio-3689.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200404 |
| | | TRIAL NO. B-1800534 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| VINCENT JONES, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 15, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Respondent-Appellee,

*Vincent N. Jones*, pro se.

**Bock, Judge.**

{¶1}   Petitioner-appellant Vincent Jones appeals the Hamilton County Common Pleas Court's judgment denying his petition under R.C. 2953.21 et seq. for postconviction relief. We affirm the trial court's judgment.

{¶2}   In 2018, Jones was convicted upon his guilty plea to endangering children. His plea arrangement did not include an agreed sentence. The trial court imposed a seven-year prison term.

{¶3}   Jones took no direct appeal, but challenged his conviction in a timely-filed postconviction petition. The trial court denied the petition and this appeal followed.

{¶4}   On appeal, Jones presents three assignments of error. The assignments of error essentially restate the claims advanced in his postconviction petition and thus may fairly be read together to challenge the denial of the petition. We find no merit to this challenge.

*Postconviction Relief Was Properly Denied*

{¶5}   Relief from a criminal conviction may be granted under the postconviction statutes upon proof of a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). The petitioner bears the initial burden of demonstrating "substantive grounds for relief" through the petition, with its supporting affidavits and other documentary evidence, and the trial record. R.C. 2953.21(D). A postconviction petition is subject to dismissal without a hearing if the petitioner fails to support the petition with evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *Id.*; *State v. Pankey*, 68 Ohio St.2d 58, 59, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus.

{¶6} The decision to deny Jones's postconviction petition was committed to the sound discretion of the trial court, and we may reverse on appeal only if the trial court abused its discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *See State v. Hill*, 12 Ohio St.2d 88, 232 N.E.2d 394 (1967), paragraph two of the syllabus. A court's decision is unreasonable if it is not supported by a sound reasoning process. *See AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶7} We note at the outset that the record on appeal does not include a certified, file-stamped copy of a transcript of the proceedings at Jones's plea hearing or sentencing hearing. *See* App.R. 9(A)(1) and 9(B). An indigent offender is entitled to a transcript of the proceedings leading to his conviction if he has pending either a direct appeal or a postconviction proceeding. *State ex rel. Partee v. McMahon*, 175 Ohio St. 243, 248, 193 N.E.2d 266 (1963). But Jones did not timely appeal his conviction. Nor did he request transcripts of his plea and sentencing hearings for the trial court's consideration of his postconviction petition. That deficiency in the record on appeal is fatal to his challenge here to the denial of his postconviction petition.

{¶8} In his petition, Jones asserted that the trial court had sentenced him contrary to R.C. 2929.11 and 2929.12. He argued that the court erred in imposing the seven-year prison term without making statutorily required findings, considering the felony-sentencing purposes and principles or seriousness and recidivism factors, or ensuring that his sentence was consistent with sentences imposed for similar offenses committed by similar offenders.

{¶9} But R.C. 2929.11 and 2929.12 do not require the trial court to make sentencing findings. And the court is presumed to have complied with those statutes in the absence of an affirmative demonstration to the contrary. *See State v. Alexander,* 1st

Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 24, *overruled sub silentio in part on other grounds, State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, as noted in *State v. Simmons,* 1st Dist. Hamilton No. C-130126, 2014-Ohio-3695, ¶ 118. Without a transcript of the proceedings of Jones's sentencing hearing, that presumption cannot be said to have been rebutted. Therefore, the trial court did not abuse its discretion in denying postconviction relief on that ground.

{¶10} Jones also asserted in his petition that the trial court erred in failing to advise him of his appellate rights. Again, in the absence of a transcript of the proceedings at sentencing, the record on appeal cannot be said to manifest the error alleged.

{¶11} Finally, Jones asserted that his guilty plea had been the unknowing, involuntary, and unintelligent product of his trial counsel's ineffectiveness. He argued that trial counsel did not file for "full discovery" and did not want to file a motion to suppress. He also argued that counsel did not "explain[] the many types of guilty pleas" and misled him into pleading guilty with the promise that he would be "sentenced to RiverCity Programming."

{¶12} The due-process protections afforded by Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution require that a guilty or no-contest plea "represent[ ] a [knowing,] voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A claim that a guilty plea was the unknowing, involuntary, or unintelligent product of trial counsel's ineffectiveness requires proof of a deficiency in counsel's performance that was prejudicial in the sense that a decision to reject a plea offer and go to trial would have been rational under the circumstances. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v.*

4

*Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶13} Jones's postconviction challenge to his trial counsel's effectiveness in advising him to plead guilty required the trial court to inquire about the circumstances surrounding his decision to plead. Jones offered his own affidavits to convey his version of those circumstances. But those circumstances also necessarily included matters that transpired at the hearing during which his guilty plea was entered and accepted.

{¶14} The trial court denied Jones's postconviction challenge to counsel's effectiveness upon its determination that Jones failed to sustain his burden of demonstrating substantive grounds for relief. That determination, in the absence of a transcript of the plea hearing, cannot be said to have been arbitrary, unconscionable, or the product of an unsound reasoning process. Therefore, the trial court did not abuse its discretion in denying postconviction relief based on that challenge.

*We Affirm*

{¶15} The postconviction petition, along with its supporting affidavits, other documentary evidence, and the trial record, did not demonstrate substantive grounds for relief. We, therefore, hold that the common pleas court properly denied the petition without an evidentiary hearing. *See* R.C. 2953.21(D); *Pankey*, 68 Ohio St.2d at 58-59, 428 N.E.2d 413; *Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819, at syllabus. Accordingly, we overrule the assignments of error and affirm the court's judgment.

Judgment affirmed.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5