OPINION
{¶ 1} Defendant-Appellant James Meeds appeals his convictions for two counts of forcible rape of a child under the age of thirteen. For the following reasons we affirm the judgment of the trial court.
 {¶ 2} Early in the summer of 2002, Meeds' fifteen-year-old daughter, A., wrote her mother a letter stating that her father had repeatedly sexually abused her when she was seven and eight years old. The following day A. gave more detailed information about the abuse to Detective Burton of the Piqua Police Department.
 {¶ 3} On June 18, 2002, Meeds drove to the police department at the request of Det. Burton. Detectives Burton and Taylor showed Meeds to an interview room where he was read and waived his Miranda rights. He also was advised that he was not under arrest. The detectives then interviewed Meeds for two and one-half hours. Throughout the interview, the detectives stressed the importance of Meeds telling them the truth in order to help his children. They also told Meeds that his full cooperation would likely result in fewer charges against him.
 {¶ 4} Early in the interview, Meeds admitted that he took nude photos of A. Soon afterwards, Meeds stated, "Okay, fine. I did it, whatever." However, when the detectives tried to get details, he insisted that even though he did not abuse A., he would agree to whatever she said. At that point Meeds was given a bathroom break. Later in the interview, Meeds admitted that A. performed oral sex on him three times, but he denied any sexual contact with a second victim. At this point Meeds was given a cigarette break. After the breaks, Meeds was advised that he was under arrest. He continued to deny any inappropriate conduct with the second victim, but he again admitted that A. had performed oral sex on him three times.
 {¶ 5} The Miami County Grand Jury indicted Meeds on September 25, 2002 with two counts of forcible rape of a child under the age of thirteen. The case proceeded to trial, and a jury found Meeds guilty as charged. The trial court sentenced Meeds to concurrent life sentences on each count and designated him as a sexual predator. Meeds filed a timely notice of appeal.
 {¶ 6} Meeds' sole assignment of error:
 {¶ 7} "Mr. Meeds was denied his sixth amendment right to the effective assistance of counsel when his trial attorney failed to file a motion to suppress/motion in limine (followed by an objection at trial) to exclude Mr. Meeds' Statements to detectives where there was a reasonable probability that such a motion would have been granted and the admission of a portion of that statement was prejudicial to Mr. Meeds' defense."
 {¶ 8} On appeal Meeds presents only one assignment of error in which he alleges that his trial counsel was ineffective for deciding not to file either a motion to suppress his confession or a motion in limine to exclude it under Evid.R. 410. In support, Meeds argues that either his confession was made in the course of plea negotiations or that it was involuntary and coerced. We are not convinced by either alternative.
 I {¶ 9} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. Id. The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings. Id. Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time. State v. Cook (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.
 {¶ 10} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment.State v. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 II {¶ 11} Meeds claims that his trial counsel was ineffective because he failed to filed a motion to suppress Meeds' confession, which was involuntarily made. It must be remembered that trial counsel's choice not to file a motion to suppress is not per se objectively unreasonable.Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574; State v.Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448. After all, counsel has no duty to file a motion to suppress if that motion has no likelihood of prevailing. See, e.g., Kimmelman, supra; State v. Benson (July 14, 1995), Montgomery App. No. 14427. Accordingly, we must consider whether a motion to suppress Meeds' confession would have had a reasonable probability of success.
 {¶ 12} A defendant's confession "is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." State v. Otte,74 Ohio St.3d 555, 1996-Ohio-108, cert. denied (1996), 519 U.S. 836,117 S.Ct. 109, citing Colorado v. Connelly (1986), 479 U.S. 157, 167,107 S.Ct. 515; State v. Daily (1990), 53 Ohio St.3d 88, 559 N.E.2d 459, paragraph two of the syllabus. When determining whether a confession was voluntarily made, "the court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v. Edwards (1976),49 Ohio St.2d 31, 40-41, 358 N.E.2d 1051, citation omitted.
 {¶ 13} In this case, we find nothing coercive or overbearing about the physical environment of the interview. The questioning took place in a standard interview room. There Meeds was given his Miranda warnings, and he immediately agreed to waive his rights. Additionally, there was nothing about Meeds' age, mentality, or his lack of any significant criminal record that indicated that his will was overborne during his interrogation.
 {¶ 14} The interview was neither intense, nor lengthy. In fact, Meeds was only in the interview room for two and one-half hours, including time for brief introductions, two breaks, and the discussion and signing of a consent to search. Moreover, there was no evidence of physical deprivation. Meeds brought a drink into the interview room, and he was allowed a bathroom break immediately upon requesting one. Meeds was also given a lengthy cigarette break.
 {¶ 15} Finally, we do not believe that the detectives made any improper threats or promises, nor did they in any other way undermine Meeds' capacity for self-determination. A review of the entire interview illustrates that the detectives' primary strategy was to emphasize to Meeds that his cooperation would help his children. To that end, they repeatedly told him to just tell the truth. Admonitions to tell the truth are neither threats nor promises. State v. Stringham, Miami App. No. 2002-CA-9, 2003-Ohio-1100, ¶ 16, citing State v. Loza (1994),71 Ohio St.3d 61, 67, 641 N.E.2d 1082; State v. Cooey (1989),46 Ohio St.3d 20, 28, 544 N.E.2d 895.
 {¶ 16} Secondarily, the detectives advised Meeds that he could also help himself by cooperating. Of course, "assurances that a defendant's cooperation will be considered or that a confession will be helpful do not invalidate a confession." Stringham, supra, at ¶ 16., citing Loza,
supra, at 67; State v. Wilson (1996), 117 Ohio App.3d 290, 294,690 N.E.2d 574. After all, convicted defendants who have cooperated with the authorities are often dealt with more leniently. See, e.g., State v.Farley, Miami App. No. 2002-CA-2, 2002-Ohio-6192, ¶ 44.
 {¶ 17} Furthermore, truthful statements regarding the number and nature of charges that are likely to be filed do not amount to threats. The detectives accurately explained Meeds' situation to him and advised him that the prosecutor would likely seek fewer charges if he cooperated. We note that, in fact, that Meeds was charged with only two counts despite A.'s information about ten to fifteen incidents of abuse.
 {¶ 18} For these reasons, under the totality of the circumstances, it is apparent that Meeds' will was not overborne. This is illustrated, in part, by the fact that throughout the entire interview Meeds continued to maintain his innocence regarding allegations involving a second victim. Accordingly, a motion to suppress had no reasonable expectation of success, and we cannot conclude that trial counsel was ineffective for choosing not to file one.
 III {¶ 19} Alternatively, Meeds argues that trial counsel was ineffective because he failed to file a motion in limine to exclude his confession under Evid.R. 410 because it was made during plea negotiations. Evidence Rule 410(A)(5) makes inadmissible "any statement made in the course of plea discussions in which counsel for the prosecuting authority or for the defendant was a participant and that do not result in a plea of guilty or that result in a plea of guilty later withdrawn." Thus, we must first consider whether Meeds' confession was made during the course of plea negotiations.
 {¶ 20} "The test whether an accused's statements were made during plea discussions is to be determined on a case-by-case basis in light of all the facts. In determining admissibility of statements made during alleged plea discussions, the trial court must first determine whether, at the time of the statements, the accused had a subjective expectation that a plea was being negotiated. The trial court must then determine whether such an expectation was reasonable under the circumstances." State v.Frazier, 73 Ohio St.3d 323, 337, 1995-Ohio-235. Additionally, a defense attorney or prosecuting attorney must be a participant in the plea discussions. Evid.R. 410(A)(5).
 {¶ 21} Meeds presents a unique argument that the detectives' claims to have spoken with a prosecutor, who might reduce the number of charges if Meeds cooperated, was sufficient proof that a prosecuting attorney was a participant in the alleged plea discussions. In other words, Meeds insists that a prosecutor was involved even though no prosecutor was physically present during any part of the interrogation, nor did a prosecutor ever speak directly to Meeds. It appears that this is an issue of first impression in Ohio. However, while it is an interesting issue, it is not one that is ripe for review in the context of this case,
 {¶ 22} because we cannot conclude that Meeds' trial counsel was ineffective for failing to think of presenting such a novel argument to the trial court.
 IV {¶ 23} Because Meeds was not denied the effective assistance of trial counsel, his sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Fain, P.J. and Brogan, J., concur.