OPINION
{¶ 1} Defendant, James Meeds, appeals from the judgment of the court of common pleas dismissing his petition for post conviction relief.
 {¶ 2} On December 19, 2002, a jury found Defendant guilty of two counts of forcible rape of a child under thirteen years of age. The trial court sentenced Defendant to two concurrent life imprisonment terms. We affirmed Defendant's conviction and sentence on direct appeal. State v. Meeds (June 30, 2004), Miami App. No. 2003-CA5, 2004-Ohio-3577.
 {¶ 3} On October 7, 2003, while his direct appeal was pending, Defendant filed a petition for post conviction relief pursuant to R.C. 2953.21. Defendant set forth thirteen claims as grounds for relief, all of which fall into one of two categories: ineffective assistance of trial counsel and prosecutorial misconduct vis-a-vis the knowing use of false or perjured testimony by the State's witnesses at trial.
 {¶ 4} The State filed an answer and motion for summary judgment. On December 11, 2003, the trial court granted the State's motion for summary judgment and dismissed Defendant's petition for post conviction relief. The trial court concluded that Defendant had failed to submit evidentiary documents containing sufficient operative facts to demonstrate substantive grounds for relief. Specifically, Defendant failed to demonstrate that counsel's performance was deficient and Defendant was prejudiced thereby, or that the victim or Det. Burton gave false, perjured testimony at trial which the prosecutor had knowingly presented.
 {¶ 5} That same day, December 11, 2003, Defendant filed his memorandum in opposition to the State's motion for summary judgment. The trial court agreed to consider Defendant's memo, and on December 23, 2003, the trial court once again issued a judgment granting the State's motion for summary judgment and dismissing Defendant's post-conviction petition, for the reasons stated in the court's earlier December 11, 2003, judgment.
 {¶ 6} Defendant has timely appealed to this court from the dismissal of his post-conviction petition.
 {¶ 7} First Assignment of Error
 {¶ 8} "Mr. Meeds was denied his sixth amendment right to the effective assistance of counsel when his trial attorney failed to contact the defendant's witnesses."
 {¶ 9} Second Assignment of Error
 {¶ 10} "Mr. Meeds was denied his sixth amendment right to the effective assistance of counsel when his trial attorney failed to subpoena ex-wife's work records."
 {¶ 11} Third Assignment of Error
 {¶ 12} "Mr. Meeds was denied his sixth amendment right to the effective assistance of counsel when his trial attorney refused to subpoena victim's school records."
 {¶ 13} Fourth Assignment of Error
 {¶ 14} "Mr. meeds was denied his sixth amendment right to the effective assistance of counsel when his trial attorney failed to review the cd-rom of the defendant's police interview."
 {¶ 15} Defendant's claim that his trial counsel wasineffective because he failed to file a motion to suppressDefendant's statements to police was raised on direct appeal and rejected by this court. State v. Meeds (June 30, 2004), Miami App. No. 2003-CA-5, 2004-Ohio-3577. Thus, Defendant is barred by res judicata from presenting that claim as grounds for post-conviction relief. State v. Perry (1967),10 Ohio St.2d 175. As for Defendant's other three claims of ineffective assistance of counsel, these claims are not barred by res judicata because they depend upon factual allegations which cannot be determined without resort to evidence outside the trial record. State v. Milanovich (1975), 42 Ohio St.2d 46; State v.Cole (1982), 2 Ohio St.3d 112; State v. Combs (1994),100 Ohio App.3d 90. Nevertheless, Defendant is not automatically entitled to an evidentiary hearing on these claims. Defendant has the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that his defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107;State v. Kapper (1983), 5 Ohio St.3d 36.
 {¶ 16} In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that Defendant was prejudiced by counsel's performance; that is there is a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different.Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 17} Defendant first claims that his counsel was ineffective because he failed to contact or interview Defendant's witnesses. Defendant alleges that these witnesses would have aided his defense. Defendant failed to submit an affidavit or other evidentiary documents which indicate what these witnesses might have said if they had been interviewed by defense counsel. Therefore, and apart from his own self-serving conclusory allegations about the competence of counsel, which as a matter of law is insufficient to warrant an evidentiary hearing, Kapper,supra; State v. Pankey (1981), 68 Ohio St.2d 58, Defendant did not meet his initial burden to present evidentiary documents demonstrating that counsel's performance was deficient and that he was prejudiced by counsel's ineffectiveness. Thus, the trial court did not err in dismissing Defendant's petition without a hearing. Kapper, supra.
 {¶ 18} Likewise, Defendant's next claim that his counsel was ineffective because he failed to subpoena the victim's school records is unsupported by any documents. Defendant claims that those school records would show no change in the victim's attendance or grades before and after these sexual assaults allegedly occurred. According to Defendant, that circumstance would demonstrate that nothing had happened to the victim, and demonstrate that her testimony at trial was therefore false. That is nothing more than the sort of speculation and self-serving, conclusory allegations that fail to meet Defendant's initial burden of proof under Jackson, supra, and is insufficient as a matter of law to warrant an evidentiary hearing.
 {¶ 19} Finally, Defendant claims that his counsel was ineffective because he failed to subpoena the work records of the victim's mother. The victim testified at trial that the sexual assaults occurred at night when Defendant was home and her mother was at work. Defendant claims that the work records would show that the victim's mother worked second shift, and therefore that she would have been home at night with the victim.
 {¶ 20} As support for this claim, Defendant submitted portions of the trial transcript. Those excerpts reflect the victim's testimony that these attacks occurred at night while her mother was at work. Defendant's contention seems to be that the records might show that the mother's hours of employment did not coincide with the attacks, undermining the victim's credibility.
 {¶ 21} Defendant did not submit any evidentiary documents which demonstrate that the victim's mother's hours of employment do not coincide with the time of these attacks. In any event, and even assuming that the victim's mother worked second shift, as Defendant alleges, the records would not demonstrate that the victim's mother was instead at home when the victim said she was attacked there. In other words, the work records would not necessarily demonstrate that the victim's testimony was false. Defendant has failed to meet his initial burden under Jackson
to submit supporting documents demonstrating the lack of competent counsel and that Defendant was prejudiced by counsel's ineffectiveness. Kapper, supra; Pankey, supra. The trial court did not err in dismissing Defendant's petition without an evidentiary hearing.
 {¶ 22} The first, second, third and fourth assignments of error are overruled.
 {¶ 23} Assignment of Error
 {¶ 24} "Mr. meeds was denied his constitutional right to due process of law when the state offered perjured testimony at trial."
 {¶ 25} Defendant claims as grounds for post-conviction relief that the prosecutor knowingly presented false, perjured testimony by two of the State's witnesses at trial: the victim and Det. Burton. To establish these claims Defendant points to the trial transcript and selected portions of the victim's and Det. Burton's trial testimony, the victim's statement to police, and Defendant's own statement to police. Thus, it appears that these claims for relief do not depend upon evidence outside the record, but rather depend upon factual allegations which can fairly be determined by examining the files and records in this case. Under those circumstances it is clear that these claims for relief could have been raised on direct appeal, but they were not. Res judicata now bars Defendant from presenting this claim as grounds for post conviction relief. State v. Perry, supra.
 {¶ 26} Additionally, the supporting documentation presented by Defendant does not demonstrate that he is entitled to relief: that the testimony by the victim and Det. Burton at trial was false, or that the testimony was material, and that the prosecutor knew the statements were false. State v. Iacona,93 Ohio St.3d 83, 2001-Ohio-1292.
 {¶ 27} With respect to the victim, Defendant claims that she testified falsely at trial about her bunk beds being taken down by Defendant in 1995, about being able to see the VCR clock during one of the sexual assaults, about the year her aunt had moved out of the house, about the fact that her mother was the first person she told about these sexual assaults, and about the fact that Defendant carried her to his bed during one of the assaults.
 {¶ 28} With respect to Det. Burton, Defendant claims that he testified falsely at trial about whether Defendant was advised of his Miranda rights and waived them, about whether Defendant consistently denied having any sexual contact with his daughter right up until he confessed, and about the fact that Defendant was not given any facts or details about these offenses and what occurred during his interview with police.
 {¶ 29} To the extent that portions of the victim's testimony may have been inconsistent with her statement to police, and portions of Det. Burton's testimony may have been inconsistent with Defendant's statement to police, that raises an issue concerning credibility of the witnesses for the jury to determine. State v. DeHass (1967), 10 Ohio St.2d 230. It does not necessarily demonstrate that either witness was lying, much less that the prosecutor knew the statements made by the witnesses were false.
 {¶ 30} Defendant has not presented evidentiary documents containing sufficient operative facts to demonstrate that the prosecutor knowingly used false or perjured testimony by the State's witnesses at trial. Defendant's self-serving, conclusory assertions in that regard are legally insufficient to warrant a hearing. The trial court did not err in dismissing Defendant's petition without a hearing. Jackson, supra; Kapper, supra;Pankey, supra.
 {¶ 31} The fifth assignment of error is overruled. The judgment of the trial court will be affirmed.
 {¶ 32} Our disposition of this appeal on its merits renders the State's pending motion to dismiss moot, and it is denied.
Brogan, J., and Wolff, J., concur.