I respectfully concur in judgment and opinion with the following supplemental opinion.
In reference to the first issue in the second assignment, the majority relies in part upon the fact that the state presented the opposing affidavit of appellant's trial counsel to rebut his allegation that there was a lack of consultation and consent. I would prefer not to utilize such reliance for the following reasons.
When a material fact has been properly alleged by an appellant and that fact is rebutted in an opposing affidavit, a credibility issue has been raised. To me, dismissal would seem to be inappropriate at that point.
I am aware that the developing body of appellate case law in this state is leaning toward the view that anything in the appellant's affidavit can be disregarded in postconviction matters unless it is supported by additional corroborating evidence. I also understand that the resources of the trial courts are being stretched to the utmost with the onslaught of postconviction petitions. Nevertheless, I am increasingly concerned that credibility issues are being resolved without a hearing, and, thus, without any opportunity for cross-examination or rebuttal.
It is apparent to me that until recently there were two distinct categories of postconviction petitions and appeals which needed to be analyzed separately: Crim.R. 11 issues; and, all other ineffective assistance of counsel problems.[1]
Despite the abundance of appellate opinions which have expanded the trial court's power to dismiss summarily such postconviction petitions without a hearing, there are only a few older Ohio Supreme Court cases which actually address either a Crim.R. 11 postconviction issue or a postconviction petition which goes beyond Crim.R. 11.
In State v. Milanovich (1975), 42 Ohio St.2d 46, paragraph one of the syllabus, The Supreme Court appeared to have resolved the situation of an allegedly coerced or induced guilty plea when it held the following:
 "Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief."
Nevertheless, in 1980, the court did an about face in considering an appeal not related to the entry of a guilty plea, but closer to the facts in the instant case. InState v. Jackson (1980), 64 Ohio St.2d 107, the court found that the affidavit of defense counsel was insufficient to merit a hearing because its allegations were overly broad and contained too few operative facts. The gist of the defense averment was that defense counsel had inadequate time to prepare for trial.[2] The court held that:
 "In the instant cause, the petitioner is requesting a hearing on matters dehors the record, of which he has specific knowledge. It is only reasonable to require him to set forth, in his petition and accompanying affidavits and supporting materials, sufficient operative facts to satisfy his initial burden of proof as described in State v. Lytle. [(1976), 48 Ohio St.2d 391] * * *." Jackson, 64 Ohio St.2d at 111-112.
Thus, even though it was the averment of trial counsel and it was in affidavit form, it was still considered insufficient to precipitate a hearing.
As a result, it was not much of a surprise when the court reversed the basic holding of Milanovich, as it related to a Crim.R. 11 violation, in State v. Kapper (1983), 5 Ohio St.3d 36.[3]
Noting that Crim.R. 11 was enacted after Milanovich, the per curiam
opinion held that:
 "* * * [A] petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim. R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." Kapper, 5 Ohio St.3d at 38.
In Kapper, the appellant set out eleven specific reasons in his affidavit as to why he thought his plea was involuntary because of his counsel's ineffectiveness. Nevertheless, when the court weighed his averments against the transcript of the required Crim.R. 11 dialogue, it determined that "[d]efendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. * * *." Id.
As is evident, this again was a matter of the coerced entry of a Crim. R. 11 plea, and not an issue of appellant's averment of counsel's ineffectiveness in other areas of the defense.
Despite the fact that we are dealing withpostconviction proceedings, there is something discordant about the idea of a trial court having what amounts to absolute discretion in evaluating, without a hearing, the sworn written averments which are in conflict.
Judge Bettman of the First Appellate District set out a detailed tracking of this diminution of rights at the postconviction level, noting that a "postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment." State v. Moore (1994),99 Ohio App.3d 748, 751.
One of the conclusions in Moore was that "[t]he legislature intended for the trial court to weigh issues of credibility without granting a hearing." Id. at 753. Nevertheless, in speaking for the court, Judge Bettman also expressed concern as to the extent of this weighing power when she posed the question "how broad did the legislature intend the factfinding power to be?" Id.
Further, the Moore analysis and conclusion does not distinguish between Crim.R. 11 petitions and other ineffective assistance of counsel petitions. Thus, it is consistent with my own conclusion that, right or wrong, there is no longer a difference between the two in terms of the requirement for corroborating evidence beyond the petitioner's own evidence and affidavit.[4]
As can be discerned, it is a situation which causes me great professional discomfort. For that reason, I would prefer that the majority not rely on the trial court's assessment of credibility as between two conflicting affidavits. As indicated early on, appellant failed to assert any specific prejudice suffered by the alleged deficiency of counsel. That is a sufficient reason to support an affirmation of the trial court's ruling on that issue. I concur on that basis.
 ------------------------------------ PRESIDING JUDGE JUDITH A. CHRISTLEY
[1] However, I may stand in solitary splendor in making this distinction.
[2] Justice William B. Brown pointed out in his dissent that trial counsel's affidavit cited at least a half dozen specific instances of things he had not been able to attempt or accomplish because of his appointment only four days prior to trial.
[3] See, also, State v. Pankey (1981), 68 Ohio St.2d 58.
[4] In fact, affidavits of relatives of the appellant are also routinely and summarily dismissed as lacking credibility.